UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRAVELERS HAVEN, LLC, a Florida Limited Liability Company,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>AVENUE5 RESIDENTIAL, LLC; HIGHLAND CRESTE, LLC; BAY VISTA DEVELOPMENT COMPANY, LLC; BUCKLIN HILL RESIDENTIAL, LLC; and COMPASS SIGNATURE APARTMENTS, LLC;<br><br>　　　　　　　　　Defendants. | CASE NO. 3:21-cv-05712-RJB<br><br>ORDER GRANTING DEFENDANTS AVENUE5 RESIDENTIAL, LLC, AND BAY VISTA DEVELOPMENT COMPANY, LLC'S MOTION TO DISMISS |

This matter comes before the Court on Defendants Avenue5 Residential, LLC ("Avenue5") and Bay Vista Development Company, LLC's ("Bay Vista") Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. Dkt. 18. Defendant Bucklin Hill Residential, LLC ("Bucklin") joins in the Motion. Dkt. 20. The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

ORDER GRANTING DEFENDANTS AVENUE5 RESIDENTIAL, LLC, AND BAY VISTA DEVELOPMENT COMPANY, LLC'S MOTION TO DISMISS - 1

Plaintiff, Travelers Haven, LLC ("Travelers"), is a company that provides temporary housing. Part of its business includes securing temporary housing for service members. Travelers filed this lawsuit seeking a declaration that the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3901–4043, and RCW 59.18.229, both of which permit members of the military to terminate residential leases early and without penalty when ordered to relocate, apply to lease agreements secured by Travelers on behalf of servicemembers. For the reasons set forth in this order, neither statute applies to Travelers, and Defendants' Motion to Dismiss should be granted.

## I. FACTS AND PROCEDURAL HISTORY

### A. FACTS

According to the Complaint, Travelers is a leading provider of temporary housing and has facilitated securing temporary housing for military servicemembers in Washington State for several years. Dkt. 1. Over the years, it contracted with Defendants to lease apartments intended for servicemembers while residing in Washington. *Id.* Defendant Avenue5 is a property manager that worked with the remaining Defendants who are property owners. At issue in this lawsuit are 23 leases Travelers entered into with Defendants in which the servicemember resident received orders requiring immediate relocation.

On some of the leases at issue, the names of the military personnel were listed as the "occupant" under the lease. *Id.* Travelers claims that in each lease Defendants knew that the intended resident would be a servicemember, which is why some leases also included an addendum entitled "Service Member's Partial Waiver of Protections Under the Servicemember's Civil Relief Act (SCRA)." *Id.* Travelers gave notice to terminate each lease in accordance with the SCRA and RCW 59.18.220. Both statutes permit a servicemember to terminate a lease early

without penalty. Defendants, however, argue that neither statute applies to Travelers and demand full payment of the amount due under the leases.

### B. PENDING MOTION

Plaintiff filed this lawsuit seeking an order declaring that the SCRA and RCW 59.18.220 apply to the subject leases and that the notices Travelers gave to terminate leases were proper and valid under these statutes. Dkt. 1. In the pending motion, Defendants Avenue5, Bay Vista, and Bucklin Hill move to dismiss Plaintiff's claim against them for failure to state a claim upon which relief can be granted.

## II.     DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

**B.  SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3901–4043**

The SCRA does not permit Travelers to terminate leases early because that benefit only applies to members of the military.

Congress enacted the SCRA "to enable [servicemembers] to devote their entire energy to the defense needs of the nation. 50 U.S.C. § 3902(1). While the terms of the SCRA are to be liberally construed, *Boone v. Lightner*, 319 U.S. 561, 575 (1943), they nonetheless apply only to persons specifically designated in the statute, which generally means servicemembers and their dependents. *See Davis v. City of Philadelphia*, 821 F.3d 484, 489 (3rd Cir. 2016). "The term 'servicemember' means a member of the uniformed services. . . ." 50 U.S.C.A. § 3911(1).

Travelers is not a member of the uniformed services and plainly does not fall into the statutory definition of a servicemember, but argues that it is entitled to SCRA protections because the intended occupants of the leased premises were servicemembers and because it acted as a leasing agent for servicemembers. Dkt. 22. Both arguments fail as a matter of law.

The provision of the SCRA at issue, 50 U.S.C. § 3955(a), permits servicemembers to terminate leases early without penalty. It reads:

> (1) Termination by lessee**.** The lessee on a lease described in subsection (b) may, at the lessee's option, terminate the lease at any time after –
> (A) the lessee's entry into military service;
> (B) the date of the lessee's military orders . . . ; or
> (C) the date of the lessee's stop movement order . . .

Subsection (b) reads:

> (1) Covered leases. A lease of premises occupied, **or intended to be occupied**, by a servicemember or a servicemember's dependents for a residential, professional, business, or agricultural, or similar purpose if –
> (A) the lease is executed by or **on behalf of a person** who thereafter and during the term of the lease enters military service;
> (B) the servicemember, while in military service, executes the lease and thereafter receives military orders for a permanent change of station or to deploy with a military unit, or as an individual in support of a military operation, for a period of not less than 90 days; or

50 U.S.C. § 3955(b) (emphasis added).

Section 3955 does not permit Travelers to terminate the leases because it was the lessee but was never a member of a military service. Only a lessee who is a member of the military may terminate a lease early under § 3955. Despite being listed as a "resident" on some leases, no member of the military was ever a lessee on the disputed leases. Travelers argues the leases at issue are nonetheless "covered" under § 3955(b) because it acted as a leasing agent for and the leases were "intended to be occupied" by servicemembers. Dkt. 22 at 5–6. Section 3955(b) states covered leases include premises "occupied, or intended to be occupied, by a servicemember." This provision means that a covered lease includes those leased by a servicemember even if the servicemember never actually moved into the premises. Section 3955(b)(A) explains that § 3955(a) applies to leases signed "**on behalf of** a person who thereafter and during the term of the lease enters military service." This means that leases are covered even if a third-party, for example a legal representative, *see* 50 U.S.C. § 3920, technically signed the lease and bound a servicemember as the lessee. Neither provision intends to permit leases signed by Travelers, a third-party intending to let a servicemember reside in the premises, to be covered. Regardless, § 3955(a) is more limiting. It only permits a lessee to terminate a covered lease if the lessee is a member of the military. As stated in § 3955(a)(1)(A)–(C), termination is only permitted when the **lessee** enters the military or must move because of orders from the military. 50 U.S.C. § 3955(a)(1)(A)–(C). Travelers was the lessee, but it is not and never has been a member of the military. Therefore, it may not use § 3955 to terminate residential leases early.

This analysis does not change even if Travelers acted as an agent for servicemembers. Under the law of agency, contracts entered into by an agent may affect rights and obligations of

ORDER GRANTING DEFENDANTS AVENUE5 RESIDENTIAL, LLC, AND BAY VISTA DEVELOPMENT COMPANY, LLC'S MOTION TO DISMISS - 5

the principal. In other words, a principal may bound by the terms of a lease signed by the principal's agent. *See* Restatement (Third) of Agency § 1.01(c); *Rex Inv. Co. Ltd. v. S.M.E., Inc.*, Case No. 3:15-cv-02607, 2017 WL 4792431, at * 5 (S.D. Cal. 2017). While an agency relationship can confer rights and obligations to a principal, it "does not merge a principal's personality into that of the agent, nor is an agent, as an autonomous person or organization with distinct legal personality, merged into the principal." Restatement (Third) of Agency § 1.01(c).

An agency analysis would fit more cleanly into Traveler's argument if the issue was about the rights or obligations Travelers may have conferred to the alleged principals, the servicemembers. The issue here, however, is about rights Travelers claims to have by virtue of association with servicemembers. If an agent, Travelers would maintain a distinct legal personality that does not automatically receive statutory benefits intended for its principal. The SCRA, however, limits its benefits the narrow category of persons defined in the statute. *See Davis v. City of Philadelphia*, 821 F.3d 484, 489; *Patrikes v. J.C.H. Service Stations, Inc.*, 41 N.Y.S.2d 158, 164 (N.Y. City Ct. 1943), aff'd 46 N.Y.S.2d 233 (N.Y. App. Term 1943) (SCRA "does not expressly or by implication extend its benefits to any person other than person entering service and his dependents."). ("The clear text of the SCRA limits its protections to property owned individually by a servicemember or jointly by a servicemember and a dependent."). It does not confer benefits based on association with servicemembers. *See id.*

Narrowly conferring benefits make sense with the two stated purposes of the SCRA:

> (1) to provide for, strengthen, and expedite the national defense through protection extended by this chapter to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the nation; and
> (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.

50 U.S.C. § 3902.

ORDER GRANTING DEFENDANTS AVENUE5 RESIDENTIAL, LLC, AND BAY VISTA DEVELOPMENT COMPANY, LLC'S MOTION TO DISMISS - 6

The purposes of the SCRA would not be served by letting Travelers terminate leases early because Travelers' rights do not affect the rights of servicemembers.  The servicemembers are not parties to this lawsuit and can devote their energy to military service regardless of whether Travelers has ongoing obligations under its leases.

Therefore, the SCRA does not permit Travelers to terminate a lease early.

### C.  STATE LAW CLAIM UNDER RCW 59.18.220

Under the Washington State law analogy of the SCRA, RCW 59.18.220(2), "any tenant who is a member of the armed forces, including the national guard and armed forces reserves, or that tenant's spouse or dependent, may end a tenancy for a specified time if the tenant receives permanent change of station or deployment orders."  Like the SCRA, this statute only contemplates the rights of a member of the military (or their spouse or dependent).

As with the SCRA, Travelers does not fall into the protected categories of persons and cannot avail itself to the tenancy protections under RCW 59.18.220.  Travelers cannot claim benefits intended for members of the military by associating with them.  Therefore, Travelers is not entitled to terminate leases early under either federal or state law, and Defendants' motion to dismiss should be granted.

### III.    ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants Avenue5 and Bay Vista's Motion to Dismiss (Dkt. 18) **IS GRANTED**;
- Defendants Avenue5, Bay Vista, and Bucklin Hill **ARE DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 12th day of November, 2021.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge