1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRAVELERS HAVEN, LLC, a Florida
Limited Liability Company,

                    Plaintiff,

      v.

AVENUE5 RESIDENTIAL, LLC;
HIGHLAND CRESTE, LLC; BAY VISTA
DEVELOPMENT COMPANY, LLC;
BUCKLIN HILL RESIDENTIAL, LLC;
and COMPASS SIGNATURE
APARTMENTS, LLC;

                    Defendants.

CASE NO. 3:21-cv-05712-RJB

ORDER DENYING THE MOTION
TO STRIKE WITHOUT
PREJUDICE

This matter comes before the Court on Plaintiff's Motion for Order Striking its Notice of

Appeal.  Dkt. 31.  The Court has reviewed the pleadings filed regarding the motion and the

record and is fully advised.

On October 13, 2021, Defendant Compass Signature Apartments LLC was dismissed by

agreement of the parties.  Dkt. 17.  On November 12, 2021, Defendants Avenue5 Residential,

LLC, Bay Vista Development Company, LLC, and Bucklin Hill Residential, LLC's Fed. R. Civ.

P. 12(b)(6) Motion to Dismiss was granted and the claims asserted against those parties were dismissed. Dkt. 27.  On December 13, 2021, the Plaintiff filed a Notice of Appeal of that November 12, 2021 Order (Dkt. 27).  Dkt. 28. The Clerk of the Court for the Ninth Circuit Court of Appeals docketed the appeal on December 14, 2021.  *Travelers Haven, LLC v. Avenue5 Residential, LLC, et. al.,* Ninth Circuit Court of Appeals case number 21-3607, Dkt. 1.

Judgment has not been entered in this case.  Bucklin Hill Residential, LLC has asserted counterclaims against the Plaintiff.  Further, although Defendant Highland Creste, LLC was served on August 5, 2021 (Dkt. 14-3, at 1), it has not appeared and no motion for default has been filed against it.  (The Plaintiff states in the instant motion that it intends to continue the case against Highland Creste, LLC.  Dkt. 31.) The Plaintiff and Bucklin Hill Residential, LLC have now filed a Joint Status Report and Discovery Plan.  Dkt. 32.

On January 10, 2022, the Plaintiff filed its Motion for Order Striking its Notice of Appeal.  Dkt. 31.  In the motion, the Plaintiff moves for an order striking the notice of appeal (Dkt. 28) without prejudice.  Dkt. 31.  Defendants Avenue5 Residential, LLC and Bay Vista Development Company, LLC oppose the motion, arguing that this Court does not have jurisdiction to decide the motion.  Dkt. 33.

## **DISCUSSION**

Once a notice of appeal is filed from a final judgment, the district court is divested of jurisdiction.  *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982).  This general rule does not apply here because no final judgment has been entered.  Fed. R. App. P. 42 provides,

> (a) Dismissal in the District Court. Before an appeal has been docketed by the circuit clerk, the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties.

(b) Dismissal in the Court of Appeals. The circuit clerk may dismiss a docketed appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due. But no mandate or other process may issue without a court order. An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court.

The Plaintiff's motion (Dkt. 31) to strike its notice of appeal should be denied without prejudice.  The notice of appeal has been docketed by the circuit clerk.  This Court does not have jurisdiction to dismiss the appeal.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 31st day of January, 2022.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING THE MOTION TO STRIKE WITHOUT PREJUDICE - 3